U.S. DISTRICT COURT – N.D. OF N.Y.
FILED
Oct 19 - 2026
John M. Domurad, Clerk

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of New York

**UNITED STATES OF AMERICA**
**v.**

**CLYDE CREE,**

**Defendant.**

Case No. 8:26-MJ-250 (GLF)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date(s) of February 25, 2026 and June 11, 2026, in the county of Franklin in the Northern District of New York the defendant violated:

| *Code Section* | *Offense Description* |
| --- | --- |
| 8 U.S.C. § 1324 (a)(1)(A)(v)(I) | Conspiracy to commit alien smuggling. |

This criminal complaint is based on these facts:
See attached affidavit.

☒ Continued on the attached sheet.

*Complainant's signature*
Sean Carty, Special Agent, HSI
*Printed name and title*

Attested to by the affiant in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Date: October 19, 2026

*Judge's signature*

City and State: Plattsburgh, NY

Hon. Gary L. Favro, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Sean Carty, having been first duly sworn, do hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a criminal complaint charging Clyde CREE with 8 U.S.C. § 1324 (a)(1)(A)(ii) the defendant, knowing and in reckless disregard of the fact that aliens have come to, entered, or remained in the United States in violation of law, did transport and attempt to transport such aliens in the United States in furtherance of such violation of law

2. I am a Special Agent employed by the Department of Homeland Security, Homeland Security Investigations ("HSI"). As such, I am an "investigative or law enforcement officer" of the United States empowered by law to conduct investigations and to make arrests for offenses enumerated in Section 2516 of Title 18, United States Code. I have been a Special Agent with HSI since November 2022. I am currently assigned to the HSI Border Enforcement Security Task Force (BEST) located in Massena, NY. BEST is tasked with the enhancement of border security by fostering coordinated efforts among federal, state, and local border and law enforcement officials to protect United States' border cities and communities from transnational crime, including but not limited to drug trafficking, arms smuggling, bulk cash smuggling, human trafficking and smuggling, violence, and kidnapping along and across the international borders of the United States. I have participated in numerous narcotics smuggling investigations during the timeframe I have been assigned to BEST.

3. The statements contained in this affidavit are based upon my investigation, information provided to me by other law enforcement officers, and on my experience and training

as an HSI Special Agent. Because this affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included every fact known to me concerning this investigation. Rather, I have set forth only the facts that I believe are necessary to establish probable cause to believe that CREE has violated 8 U.S.C. § 1324 (a)(1)(A)(ii)), the defendant, knowing and in reckless disregard of the fact that aliens have come to, entered, or remained in the United States in violation of law, did transport and attempt to transport such aliens in the United States in furtherance of such violation of law

## FACTS ESTABLISHING PROBABLE CAUSE

4. On February 25, 2026, U.S. Border Patrol (USBP) conducted a vehicle stop on a Nissan Altima in Plattsburgh, NY. Law enforcement had prior awareness of the Altima being previously rented and used in suspected human smuggling events. During the vehicle stop, the driver (later identified as S.B.) attempted to flee the scene by ramming a law enforcement vehicle and then running on foot before being apprehended. Upon immigration inspection, USBP identified three passengers in the back seat of the vehicle that stated they were from China. The three passengers, all identified as Chinese nationals without proper documentation to be present in the U.S. were charged with violation of 8 U.S.C. § 1325 and processed for administrative removal. It was determined that the driver was going to be paid $600 per person to transport the three passengers to the Best Value hotel in Plattsburgh, NY. The driver was charged with violating 8 U.S.C. § 1324. The driver later admitted to smuggling aliens on February 25, 2026 at the direction of Clyde CREE.

5. On April 29, 2026, law enforcement executed an arrest warrant on T.B. authorized by this court for violation of 8 U.S.C § 1324 in Hogansburg, NY. During a post-arrest interview, the subject was issued Miranda warnings and agreed to speak with law enforcement without a

lawyer present. During interview, the subject admitted to smuggling approximately 140 foreign nationals without authorization to be in the U.S. from Canada into the U.S. over the course of seven months. The subject stated that Clyde CREE smuggles illegal aliens into the U.S. from his residence in Snye, Quebec. The subject described an event on April 15, 2026 upon which he was instructed to retrieve four illegal aliens from CREE's residence and re-house them at his residence prior to their entry into the U.S. due to the fact that CREE was not feeding the illegal aliens. The subject stated that CREE has substance abuse issues and does not care about the treatment of the illegal aliens while they are housed at his residence.

6. On June 11, 2026, law enforcement surveilled a suspected human smuggling event near Brighton, NY. Law enforcement witnessed a brief encounter between the driver of a Chevrolet Avalanche and a Ford Explorer at the Paul Smith's Visitor's Interpretive Center. Agents observed a female passenger exit the rear passenger door of the Avalanche and run to enter the rear passenger door of the Explorer. Both vehicles then departed the area. A vehicle stop was subsequently conducted on the Explorer which resulted in identification of a Chinese National Lawful Permanent Resident as the driver and three passengers determined to be Vietnamese nationals without proper documentation to be present in the U.S. The driver was charged with 8 § U.S.C. 1324 and the Vietnamese passengers were charged with 8 § U.S.C. 1325 and administratively processed for removal. The Chevrolet Avalanche was surveilled heading northbound from the area but law enforcement was not able to perform a vehicle stop. Later on the evening of June 11, 2026, U.S. law enforcement was advised by Akwesasne Mohawk Police Service (AMPS) that the Chevrolet Avalanche was encountered at Clyde CREE's residence in Snye, Quebec. AMPS officers knocked on the door of CREE's residence and spoke with CREE. After a conversation with CREE, a male and female exited the residence. AMPS detained the male and female, two

USCs (identified as D.D. and A.P.) present at CREE's residence who entered Canada without inspection, presented them to Canadian Border Services Agency at which time they were both refused entry into Canada, then transported them to Massena, NY Port of entry where they were turned over to the custody of USBP.

7. On June 12, 2026, law enforcement interviewed D.D. and A.P. at USBP station in Burke, NY. Both individuals were issued Miranda warnings and agreed to speak with law enforcement without a lawyer present. Both individuals admitted to smuggling three Vietnamese aliens on June 11, 2026, at the direction of Clyde CREE from his residence in Canada to Paul Smiths, NY for an expected payment of $500 per person upon conclusion of the trip. Additionally, both individuals admitted to a separate event on June 9, 2026, during which they transported an adult male from CREE's residence in Canada to an unidentified driver in a Nissan Rogue at the Price Chopper parking lot in Malone, NY. Both individuals stated they were each paid $400 in Canadian cash. At conclusion of the interviews, both individuals identified CREE from a photo six pack lineup. Both D.D. and A.P. were charged with violation of 8 § U.S.C. 1324.

## CONCLUSION

8. Based upon the above information, there is probable cause to establish that Clyde CREE has violated 8 U.S.C. § 1324 (a)(1)(A)(ii)), the defendant, knowing and in reckless disregard of the fact that aliens have come to, entered, or remained in the United States in violation of law, conspired to transport, move, and attempt to transport and move such aliens in the United States in furtherance of such violation of law.

ATTESTED TO BY THE APPLICANT IN ACCORDANCE WITH THE REQUIREMENTS OF

RULE 4.1 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE

Sean Carty
Special Agent
Homeland Security Investigations

I, the Honorable Gary L. Favro, United States Magistrate Judge, hereby acknowledge that this affidavit was attested by the affiant by telephone on October 19 2026, in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Hon. Gary L. Favro
United States Magistrate Judge